IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HUGH M. ELLIS,<br><br>        Plaintiff,<br><br>v.<br><br>RK ENDEAVORS SPRINGFIELD, LLC<br>d/b/a CBD AMERICAN SHAMAN,<br>and<br>SHAMAN BOTANICALS, INC.,<br><br>        Defendants. | Case No. 19-cv-3377 |

## NOTICE OF REMOVAL

Please take notice that Defendant Shaman Botanicals, Inc. ("Shaman Botanicals"), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby removes the above-captioned action to this Court from the Circuit Court of Greene County, Missouri. As grounds for removal, Shaman Botanicals states as follows:

      1.      On August 27, 2019, Plaintiff commenced a civil action styled: *Hugh M. Ellis v. RK Endeavors Springfield, LLC d/b/a CBD American Shaman and Shaman Botanicals, Inc.*, Case No. 1931-CC01075 in the Circuit Court of Greene County, Missouri. A copy of the petition filed in state court is attached hereto as **Exhibit 1**. Copies of all other process, pleadings, and orders on file in the state court are attached hereto as **Exhibit 2**.

      2.      Defendant RK Endeavors Springfield, LLC has not yet been served with a copy of the summons and petition in the state court action. Shaman Botanicals was served a copy of the summons and petition in the state court action on September 25, 2019. This matter is timely re-

moved under 28 U.S.C. § 1446(b)(1), which requires that a notice of removal be filed within thirty (30) days of service of the summons and petition on the removing party.

3. 28 U.S.C. § 1441(a) provides for removal of "any civil action in a State court of which the district courts of the United States have original jurisdiction." Pursuant to the federal question statute, 28 U.S.C. § 1331, federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal jurisdiction exists in this case because Plaintiff's claims regarding regulation and control of hemp and related products arise under the laws of the United States.

4. Plaintiff frames his claims in terms of Missouri law, but this does not preclude the exercise of federal question jurisdiction. "Removal of a complaint setting forth state law claims is proper under the well-pleaded complaint rule where (1) federal law completely preempts a plaintiff's state-law claim, or (2) an issue of federal law is a necessary and central element of plaintiff's state law claims." *Palazzolo v. Harris-Stowe State Univ.*, No. 4:16-CV-00826, 2106 WL 3878470, at *2 (E.D. Mo. July 18, 2016).

5. Shaman Botanicals distributes hemp-derived CBD products to independent retailers (like Defendant RK Endeavors Springfield, LLC) for retail sale to consumers (like Plaintiff). The product at issue here was lawfully manufactured by a separate company outside the State of Missouri using legally grown hemp and delivered through interstate commerce for eventual sale to Plaintiff in Springfield, Missouri.

6. Plaintiff's Petition claims that Shaman Botanicals violated the Missouri Merchandising Practices Act, committed misrepresentations and engaged in negligence per se by purportedly failing to abide by Missouri's regulatory scheme concerning the manufacture, purchase, dis-

tribution, processing and sale of hemp-based products. In particular, Plaintiff alleges that Shaman Botanicals acted as an unauthorized hemp distributor because it obtained its hemp-based products outside the State of Missouri and outside the Missouri Department of Agriculture's registration system for "cultivation and production facilities" and "cannabidiol oil care centers." (*See, e.g.*, Pet. ¶¶ 25-30, 54, 62, 72, 82-84.) By targeting Shaman Botanical's extraterritorial activities, Plaintiff's theories of liability seek to establish a closed system in which all activities culminating in the sale of hemp-derived CBD products in the State of Missouri must occur within the State in strict accordance with Missouri law.

7. Plaintiff's claims are inherently federal in nature because it is impossible to resolve those claims without applying controlling federal law regarding the transportation and shipment of hemp-derived CBD products in interstate commerce. Under the Agricultural Act of 2014 (the "2014 Farm Bill"), low-THC industrial hemp—i.e., the type used to make CBD products—was removed from the federal Controlled Substances Act and States were allowed to establish agricultural pilot programs for hemp production. *See* 7 U.S.C. § 5940. The Agricultural Act of 2018 (the "2018 Farm Bill") cemented the 2014 Farm Bill by confirming the removal of hemp and THC in hemp from the list of controlled substances. *See* 21 U.S.C. § 802(16)(B)(i); *id.* § 812(c)(17). Significantly, the 2018 Farm Bill also expressly provides that States cannot "prohibit the transportation or shipment of hemp or hemp products" lawfully produced in other States. Agricultural Improvement Act of 2018, Pub. L. No. 115-334, § 10114(b), 132 Stat. 4490, 4914 (2018). The General Counsel of the United States Department of Agriculture recognizes that "this provision preempts State law to the extent such State law prohibits the interstate transportation or shipment of hemp that has been [lawfully produced]." Legal Opinion on Certain Provisions of the

Agriculture Improvement Act of 2018 Relating to Hemp, at 7 (May 28, 2019) available at: https://www.ams.usda.gov/sites/default/files/HempExecSumandLegalOpinion.pdf

8. Here, Plaintiff interprets and attempts to apply Missouri law in a way that would interfere with interstate commerce by restricting manufacture, purchase, distribution, processing and sale of hemp-based products to purely intrastate activities. For instance, Plaintiff alleges that the only way for Shaman Botanicals to lawfully possess and distribute hemp products in the State of Missouri is for those products to originate from a "cultivation and production facility" located in, and licensed by, the State of Missouri. (*See* Pet. ¶¶ 25, 35-38, 54(h).) In essence, the crux of Plaintiff's case is that hemp-based CBD products legally manufactured in other states and distributed through interstate commerce cannot be possessed or sold in the State of Missouri under *any* circumstances because the products are not controlled from start to finish under the State of Missouri's regulatory system.

9. Plaintiff's claims trigger federal question jurisdiction under Section 1331 because they are completely preempted by the express provision of the 2018 Farm Bill prohibiting States from interfering with the interstate transportation and shipment of hemp-derived CBD products. At a minimum, federal jurisdiction exists in this case because a federal issue—i.e., the operation of the 2018 Farm Bill—is a necessary and central element of Plaintiff's claims.

10. "The presence of a single federal claim gives the defendant the right to remove an entire case to federal court." *Palazzolo*, 2106 WL 3878470, at *3. To the extent federal question jurisdiction is lacking over any of the claims in Plaintiff's Petition, the Court should exercise supplemental jurisdiction over those claims, which are so related to the federal question as to form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

4

Case 6:19-cv-03377-SRB   Document 1   Filed 10/25/19   Page 4 of 6

11. In accordance with Section 1441(a), Shaman Botanicals has removed this case to the Western Division of this Court and designates Kansas City as the place of trial. Shaman Botanicals requests a trial by jury on all claims and issues so triable.

12. In accordance with Section 1446(a), copies of the record and proceedings in the state court action – including all process, pleadings and orders – are attached to this Notice of Removal.

13. In accordance with Section 1446(b)(2)(A), Defendant RK Endeavors Springfield, LLC is not required to consent to removal because it has not yet been properly joined and served in this action.

14. In accordance with Section 1446(d), Shaman Botanicals will promptly serve written notice of removal to Plaintiff's attorneys of record in the state court action and file with the state court a copy of this Notice of Removal.

15. By this Notice of Removal, Shaman Botanicals is not waiving any affirmative defenses that it may have. Shaman Botanicals does not concede that Plaintiff has stated any viable claim for relief against it, and Shaman Botanicals denies any and all liability in this action.

WHEREFORE, Defendant Shaman Botanicals, Inc. files this Notice of Removal and requests that the Court assume full jurisdiction over all of the claims asserted in this action under 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

SHANK & MOORE, LLC

By: _/s/ Stephen J. Moore_
    Stephen J. Moore    MO #59080
    1968 Shawnee Mission Pkwy, Suite 100
    Mission Woods, Kansas 66205
    Telephone:  816.471.0909
    Facsimile:   816.471.3888
    sjm@shankmoore.com

-and-

THE PORTO LAW FIRM

By: _/s/ Nicholas J. Porto_
    Nicholas J. Porto    MO #56938
    1600 Baltimore, Suite 200A
    Kansas City, Missouri 64108
    Telephone:  816.463.2311
    Facsimile:   816.463.9567
    nporto@portolaw.com

*Attorneys for Defendant Shaman Botanicals, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that the foregoing document was served this 25th day of October, 2019, via electronic mail to the following counsel of record:

**Counsel for Plaintiff**
Timothy A. Ricker
Steven J. Blair
HALL ANSLEY, PC
3275 East Ridgeview
Springfield, Missouri 65804
tricker@hallansley.com
sblair@hallansley.com

                                _/s/ Stephen J. Moore_
                                Attorney for Defendant