Electronically Filed - Greene - August 27, 2019 - 05:44 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

|  |  |  |
|---|---|---|
| HUGH M. ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| RK ENDEAVORS SPRINGFIELD, LLC | ) | |
| d/b/a CBD AMERICAN SHAMAN, | ) | |
| Serve at:  Registered Agent: | ) | |
| Kathleen Wade | ) | |
| 117 Willow Drive | ) | |
| Lansing, KS 66043 | ) | |
| | ) | |
| SHAMAN BOTANICALS, INC., | ) | |
| Serve at:  Registered Agent: | ) | |
| Nicholas J. Porto | ) | |
| 1600 Baltimore, Suite 200A | ) | |
| Kansas City, MO 64108 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### PETITION

COMES NOW Plaintiff, Hugh M. Ellis, by and through his attorneys of record, Hall Ansley, P.C., and for his Petition against Defendant Shaman Botanicals, Inc., and Defendant RK Endeavors Springfield, LLC, d/b/a CBD American Shaman, respectfully states as follows:

### Procedural Allegations

1.      Plaintiff Hugh M. Ellis is, and at all times relevant has been, a resident of Springfield, Greene County, Missouri.

2.      Defendant Shaman Botanicals, Inc., is a corporation duly organized and operating under the laws of the State of Missouri, with its principal place of business located at 2405 Southwest Boulevard, Kansas City, Missouri, 64108.  Service on Defendant Shaman Botanicals, Inc. (hereinafter "Shaman Botanicals") can be obtained by serving its registered agent for service of process, Nicholas J. Porto, at 1600 Baltimore, Suite 200A, Kansas City, Missouri, 64108.

3.  Defendant RK Endeavors Springfield, LLC, is a limited liability company duly organized and operating under the laws of the State of Missouri, and has, at all times relevant, operated its business under the name CBD American Shaman at a retail outlet located at 3160 S. Campbell Avenue, Springfield, Missouri, 65807.  Service on Defendant RK Endeavors Springfield, LLC d/b/a CBD American Shaman (hereinafter "American Shaman") can be obtained by serving its registered agent for service of process, Kathleen Wade, at 117 Willow Drive, Lansing, Kansas, 66043.

4.  Venue is proper in this matter pursuant to Mo. Rev. Stat. § 508.010, for the reason that this Petition alleges at least one tort, and suit is filed in the county where Plaintiff was first injured by the acts or conduct alleged in this action.

<u>**Factual Allegations Relevant to All Counts**</u>

5.  On July 13, 2019, Plaintiff was employed as an over the road ("OTR") truck driver for J. Southard Quality Transport, LLC d/b/a Quality Equipment Transport.

6.  Plaintiff had been experiencing pain in his shoulder due to an on-the-job injury, and had been told by a friend that CBD oil might be an effective, natural pain relieving alternative.

7.  Plaintiff went to American Shaman with his wife, Nikki, on July 13, 2019.

8.  Plaintiff spoke with an employee of American Shaman regarding the pain he was experiencing from his injury, and his desire for a natural and effective pain relief alternative.

9.  Plaintiff specifically informed American Shaman's employee that he was an OTR truck driver, that his job required him to submit to random drug screening, and that he could not take any product that would cause him to test positive for any controlled substance, because a positive test result would cause him to lose his job.

Electronically Filed - Greene - August 27, 2019 - 05:44 PM

10.     American Shaman's employee told Plaintiff that American Shaman's products were safe and legal, that he recommended American Shaman's products to treat pain and anxiety, and that none of American Shaman's products would cause Plaintiff to fail a drug test.

11.     Based upon the affirmative representation by American Shaman's employee as described herein, Plaintiff and his wife purchased two 60-count bottles of privately labeled "CBD American Shaman Capsules 900," at a total cost of $204.74.

12.     The capsules sold to Plaintiff and his wife contained tetrahydrocannabinol ("THC"), which is the principal psychoactive constituent of cannabis.

13.     Plaintiff was not informed by anyone at American Shaman, or by Shaman Botanicals, that the CBD American Shaman Capsules 900 he purchased contained THC.

14.     Thereafter, Plaintiff and his wife took the products as directed on the product's label.

15.     On August 13, 2019, Plaintiff underwent a drug screen through his employer, which reported a positive result for the presence of "marijuana," due to the THC contained in the capsules purchased from American Shaman.

16.     Plaintiff was terminated by his employer as a result of the positive on his drug screen.

17.      Days later, on August 15, 2019, Plaintiff's wife, who had undergone a drug screen in connection with the medical program in which she was enrolled at Ozarks Technical Community College on August 1, 2019, was informed that she had likewise tested positive for the presence of a "marijuana metabolite."

18.     Neither Plaintiff nor his wife use marijuana, and neither have ever tested positive for the presence of any controlled substance prior to ingesting Defendants' product, which contained THC.

19.     The labels on the product bottles provided by American Shaman and/or Shaman

Botanicals state, in pertinent part:

   a.   "Ultra Concentrated CBD Hemp Oil"
   b.   "Daily Dietary Supplement"
   c.   "Organic Hemp CO2 Extract in a Capsule"
   d.   "Highest Quality Hemp Oil Available"
   e.   "Terpene Rich, Full Spectrum"
   f.    "900mg of CBD Per Container = 15mg CBD Per Capsule"
   g.   "Hemp Oil (Seeds & Stalks) 375mg"
   h.   "Cannabidiol (Total CBD) 15mg"
   i.   "OTHER INGREDIENTS: Medium Chain Triglyceride Oil (Naturally Extracted
        from Coconut Oil), Vegetarian Capsules (Vegetable Cellulose), Purified Water),
        Silica"
   j.   "SUGGESTED USE: 2 CAPSULES DAILY"
   k.   "One Capsule in the morning and one in the evening."
   l.   "PROUDLY MADE IN THE USA"
   m.   "Shaman Botanicals, Inc.
        855-427-7386
        www.CBDAmericanShaman.com"

## Missouri's Law Governing Hemp Extract

20.     Missouri law prohibits the possession of Marijuana without a valid certification.

"Marijuana" is defined by Mo. Rev. Stat. § 195.010 as "all parts of the plant genus *Cannabis* in

any species or form thereof, including, but not limited to *Cannabis Sativa L.*, except industrial

hemp, *Cannabis Indica*, *Cannabis Americana*, *Cannabis Ruderalis*, and *Cannabis Gigantea*,

whether growing or not, the seeds thereof, the resin extracted from any part of the plant; and

every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or

resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oil or

cake made from the seeds of the plant, any other compound, manufacture, salt, derivative,

mixture or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil or

cake, or the sterilized seed of the plant which is incapable of germination."

21.  "Industrial hemp" is defined by Mo. Rev. Stat. § 195.010 as:

(a)  All nonseed parts and varieties of the Cannabis sativa L. plant, growing or not, that contain an average delta-9 tetrahydrocannabinol (THC) concentration that does not exceed three-tenths of one percent on a dry weight basis or the maximum concentration allowed under federal law, whichever is greater;

(b)  Any Cannabis sativa L. seed that is part of a growing crop, retained by a grower for future planting, or used for processing into or use as agricultural hemp seed;

(c)  Industrial hemp includes industrial hemp commodities and products and topical or ingestible animal and consumer products derived from industrial hemp with a delta-9 tetrahydrocannabinol concentration of not more than three-tenths of one percent on a dry weight basis.

22.  The possession of "hemp extract" is controlled by Mo. Rev. Stat. § 195.207, which limits the possession of hemp extract to individuals who have been issued a valid hemp extract registration card pursuant to Mo. Rev. Stat. § 192.945, for the sole purpose of treating "intractable epilepsy."

23.  "Hemp Extract" is defined by Mo. Rev. Stat. §195.207 as an extract from a cannabis plant or a mixture or preparation containing cannabis plant material that: a) is composed of no more than three-tenths percent tetrahydrocannabinol by weight; b) is composed of a at least five percent cannabidiol by weight; and c) contains no other psychoactive substance.

24.  Pursuant to 19 CSR 20-51.010, "Registrants" (*i.e.* those individuals to whom the Department of Health and Senior Services has issued a hemp extract registration card under MO. Rev. Stat. § 192.945) are required to show their hemp extract registration card to the dispensing facility ***in order to obtain hemp extract***, and allow the facility to make a photocopy of it. (emphasis added).

25.    Missouri law defines "cultivation and production facility", as the land and premises specified in an application for a cultivation and production facility license on which the licensee is authorized to grow, cultivate, process, and possess hemp and hemp extract.  Mo. Rev. Stat. § 261.265

26.    Missouri law defines "cultivation and production facility license", as a license that authorizes the licensee to grow, cultivate, process, and possess hemp and hemp extract, and distribute hemp extract to its cannabidiol oil care centers.  Mo. Rev. Stat. § 261.265.

27.    Missouri law defines a "cannabidiol oil care center", as the premises specified in an application for a cultivation and production facility license in which the licensee is authorized to distribute processed hemp extract to persons possessing a hemp extract registration card issued under section 192.945.  Mo. Rev. Stat. § 261.265.

28.    Pursuant to Mo. Rev. Stat. § 261.265.1, the  Missouri Department of Agriculture is authorized to issue up to two cultivation and production facility licenses to nonprofit entities to grow or cultivate the cannabis plant used to make hemp extract as defined in subsection 1 of Mo. Rev. Stat. § 195.207.

29.    The only current licensees pursuant to Mo. Rev. Stat. § 261.265 are:

    a.    BeLeaf Company, located at 13378 Lakefront Drive in Earth City, MO 63045; and

    b.    Noah's Arc Foundation, located at 17824 Edison Avenue in Chesterfield, MO 63005

30.    Under Missouri law, there can be no more than two licensed cultivation and production facilities operating in the state at any given time. Mo. Rev. Stat. § 261.265.

31.    Under Missouri law, hemp extract is "unusable" if it is "adulterated" or "misbranded."  2 CSR 70-14.010.

32. Under Missouri law, hemp extract is adulterated if:

    a. It is composed of more than three tenths percent (.3%) of tetrahydrocannabinol ("THC") by weight, is composed of less than five percent (5%) cannabidiol by weight or contains other psychoactive substances;

    b. Any foreign substance has been found in the hemp or hemp extract through laboratory analysis; or

    c. Any valuable constituent of the hemp extract has been wholly, or in part, abstracted.

33. Under Missouri law, hemp extract is "misbranded" if:

    a. Its labeling bears any statement, design, or graphic representation relating to its ingredients or analysis, which is false or misleading;

    b. It is contained in a package, container, or wrapping which does not conform to the packaging requirements in accordance with 2 CSR 70-14.120;

    c. The hemp or hemp extract label(ing) is not affixed to its container in accordance with 2 CSR 70-14.120; or

    d. Its strength or purity falls below the professed certificate of analysis as indicated on its labeling under which it is distributed.

34. Pursuant to 2 CSR 70-14.120, all hemp extract must be labeled with:

    a. Place of origin;

    b. A number that corresponds with a certificate of analysis;

    c. Assigned batch number;

    d. Hemp extract's ingredients including its percentages of THC and cannabidiol by weight;

7

Electronically Filed - Greene - August 27, 2019 - 05:44 PM

e.      A statement, "Keep out of reach of children", in bold capital letters; and

f.      Net weight or measure of the container's net content.

35.     Upon information and belief, and at all times relevant herein, Defendants were in unlawful possession of "hemp extract" pursuant to Missouri's Narcotic Drug Act at Mo. Rev. Stat. § 195.207.

36.     Upon information and belief, and at all times relevant herein, Defendants had not been issued a valid hemp extract registration card pursuant to Mo. Rev. Stat. § 192.945.

37.     Defendant American Shaman did not ask Plaintiff or his wife to show hemp extract registration cards prior to the dispensing hemp extract to Plaintiffs.

38.     No application for a cultivation and production facility license has been approved in the State of Missouri for American Shaman and/or Shaman Botanicals.

39.      No license to grow, cultivate, process, and possess hemp and hemp extract, and distribute hemp extract to its cannabidiol oil care centers, has been issued by the State of Missouri to American Shaman and/or Shaman Botanicals.

40.     American Shaman is not an authorized "cannabidiol oil care center" in the State of Missouri.

41.     American Shaman is not authorized to distribute processed hemp extract to persons possessing a hemp extract registration card in the State of Missouri.

42.     American Shaman is not authorized to dispense hemp extract in Missouri for the purpose of treating "pain" and "anxiety."

43.      American Shaman and Shaman Botanicals are not organized as "non-profit" entities in the State of Missouri and, accordingly, cannot qualify for a license to grow or cultivate the cannabis plant used to make hemp extract.

44. The product sold by American Shaman and Shaman Botanicals does not qualify as "industrial hemp" as it contains seed parts and said seed parts are not: a) part of a growing crop; b) retained for future planting; or c) used for processing into or use as agricultural hemp seed.

45. Under Missouri law, the hemp extract sold by Defendants and dispensed to Plaintiff was misbranded in relevant part because the label fails to identify:

   a. Information sufficient to determine whether or not the product dispensed is "adulterated";

   b. the product's place of origin;

   c. the number that corresponds with a certificate of analysis;

   d. the assigned batch number for the product; and

   e. the hemp extract's percentages of THC and cannabidiol by weight.

**COUNT I**
**VIOLATIONS OF THE MISSOURI**
**MERCHANDISING PRACTICES ACT (MMPA)**

COMES NOW Plaintiff, Hugh M. Ellis, by and through his attorneys of record, Hall Ansley, P.C., and for Count I of his Petition against Defendant American Shaman and Shaman Botanicals, respectfully states the following:

46. Plaintiff restates, reincorporates, and realleges his allegations contained in all of the foregoing paragraphs as though fully restated herein *in haec verba*.

47. The Missouri Merchandising Practices Act, § 407.010 (hereinafter "MMPA") prohibits unfair and deceptive practices in the sale of goods and services in Missouri.

48. The sale of hemp extract by American Shaman to Plaintiff was a sale for the purposes of the MMPA.

49.    Plaintiff is a "person" as that term is defined under MMPA, and purchased a product from American Shaman for his personal use.

50.    American Shaman and Shaman Botanicals are "merchants" as that term is defined under the MMPA.

51.    American Shaman engaged in unfair or deceptive practices with respect to the sale of merchandise to Plaintiff under MMPA by:

  a. Recommending and/or selling hemp extract to Plaintiff for relief of general "pain" and/or "anxiety," when American Shaman knew or should have known that the State of Missouri limits the lawful possession and use of hemp extract to the treatment of intractable epilepsy;

  b. Recommending and/or selling hemp extract to Plaintiff when it knew or should have known that its product contained THC, and that Plaintiff was an OTR truck driver who would be subject to random drug screening through his employer and/or the Department of Transportation.

  c. Recommending and/or selling hemp extract to Plaintiff when it knew or should have known that its product contained THC, and was specifically informed by  Plaintiff that he was an OTR truck driver, that his job required him to submit to random drug screening, and that he could not ingest any product that would cause him to test positive for any controlled substance because a positive test result would cause him to lose his job;

  d. Affirmatively misrepresenting to Plaintiff that none of the products sold by American Shaman would cause Plaintiff to fail a drug test;

e.     Recommending and/or selling hemp extract to Plaintiff when it knew or should have known that Plaintiff had not been issued a valid hemp extract registration card;

f.     Failing and refusing to request to see Plaintiff's hemp extract registration card before selling and dispensing hemp extract to Plaintiff;

g.     Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully dispense hemp extract;

h.     Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully grow, cultivate, process, and possess hemp and hemp extract;

i.     Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to conduct business as a cannabidiol oil care center;

j.     Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute processed hemp extract;

k.     Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to grow or cultivate the cannabis plant used to make hemp extract;

l.     Misrepresenting itself to the public, including Plaintiff, as a business in lawful possession of "hemp extract;"

m.     Distributing hemp extract to Plaintiff without a license issued by the State of Missouri qualifying American Shaman as a cultivation and production facility;

n.  Distributing hemp extract to Plaintiff without authorization to do so as an approved "cannabidiol oil care center" in the State of Missouri;

o.  Misbranding the hemp extract sold to Plaintiff by failing to include:

i.  information sufficient to determine whether or not the product dispensed is "adulterated";

ii.  the product's place of origin;

iii.  the number that corresponds with a certificate of analysis;

iv.  the assigned batch number for the product; and the hemp extract's percentages of THC and cannabidiol by weight.

52.  American Shaman's misrepresentations and omissions as described herein were in violation of Mo. Rev. Stat. § 407.020 and the regulations of the Attorney General of Missouri promulgated thereunder.

53.  Plaintiff reasonably relied to his detriment on the misrepresentations and omissions of American Shaman as described herein.

54.  Shaman Botanicals engaged in unfair or deceptive practices with respect to the sale of merchandise to Plaintiff under the Missouri Merchandising Practices Act ("MMPA") Mo. Rev. Stat. § 407.010 *et seq* by:

a.  Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully dispense hemp extract;

b.  Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully grow, cultivate, process, and possess hemp and hemp extract;

12

c.      Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute hemp extract to its cannabidiol oil care centers;

d.      Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to conduct business as a cannabidiol oil care center;

e.      Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute processed hemp extract;

f.      Misrepresenting itself to the public, including Plaintiff, as a business authorized by the State of Missouri to grow or cultivate the cannabis plant used to make hemp extract;

g.      Misrepresenting itself to the public, including Plaintiff, as a business in lawful possession of "hemp extract;"

h.      Distributing hemp extract to American Shaman for resale without a license issued by the State of Missouri qualifying Shaman Botanicals as a cultivation and production facility;

i.      Distributing hemp extract to American Shaman for resale, who is not and was not an approved "cannabidiol oil care center" in the State of Missouri;

j.      Misbranding the hemp extract distributed to American Shaman and sold to Plaintiff by failing to include:

     i.   information sufficient to determine whether or not the product dispensed is "adulterated";

     ii.   the product's place of origin;

     iii.    the number that corresponds with a certificate of analysis;

iv. the assigned batch number for the product; and the hemp extract's percentages of THC and cannabidiol by weight.

55.     Shaman Botanical's misrepresentations and omissions as described herein were in violation of Mo. Rev. Stat. § 407.020 and the regulations of the Attorney General of Missouri promulgated thereunder.

56.     Plaintiff reasonably relied to his detriment on the misrepresentations and omissions of Shaman Botanicals as described herein.

57.     As a direct and proximate result of Defendants' deception, fraud, false pretense, misrepresentation, unfair practices and concealment, omission and suppression of material facts, Plaintiff was caused to pay $204.74 for a product he would not have otherwise purchased, was terminated from his job, and has suffered lost wages and benefits, diminished earning capacity and "garden variety" emotional distress (as defined by Missouri law).

58.     At all times relevant, Defendants acted intentionally, maliciously, willfully, outrageously, and knowingly in violation of Mo. Rev. Stat. § 407.020, and are liable for punitive damages.

59.     Plaintiff has incurred, and will continue to incur, attorneys' fees in prosecution of this action for which Defendants are liable under Mo. Rev. Stat. § 407.025.

WHEREFORE, Plaintiff prays this Court enter its Judgment in favor of Plaintiff and against the Defendants, and each of them jointly and severally, for such damages as are determined to be fair and reasonable, with punitive damages in a sum appropriate to punish Defendants for their conduct and to deter future defendants from similar, future conduct, along with an award for his attorneys' fees and costs incurred, and interest at the highest rate permitted by law until such Judgment be paid in full; and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
## FRAUDULENT MISREPRESENTATION

COMES NOW Plaintiff, Hugh M. Ellis, by and through his attorneys of record, Hall Ansley, P.C., and for Count II of his Petition against Defendants American Shaman and Shaman Botanicals, respectfully states the following:

60.     Plaintiff restates, reincorporates, and realleges his allegations contained in all of the foregoing paragraphs as though fully restated herein *in haec verba*.:

61.     The false and misleading representations and/or omissions of material fact described in paragraphs 51 and 54 herein, and the subparts thereto, were made by Defendants with the intent that Plaintiff rely on such false and misleading representations.

62.     The false and misleading representations and/or omissions of material fact described in paragraphs 51 and 54 herein, and the subparts thereto, were false, and at all times relevant, Defendants knew that they were false at the time the representations were made or at the time the omitted material facts were concealed.

63.     The false and misleading representations and/or omissions of material fact described in paragraphs 51 and 54 herein, and the subparts thereto, were material to the transaction, and Plaintiff reasonably relied on said false or misleading representations and/or omissions of material fact.

64.     As a direct result of such false and misleading representations and/or omissions of material fact described in paragraphs 51 and 54 herein, and the subparts thereto, Plaintiff as caused to pay $204.74 for a product he would not have otherwise purchased, was terminated from his job, and has suffered lost wages and benefits, diminished earning capacity and "garden variety" emotional distress (as defined by Missouri law).

15

65. Defendants' conduct as described herein was intentional, wrongful, and malicious, and entitles Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff prays this Court enter its Judgment in favor of Plaintiff and against the Defendants, and each of them jointly and severally, for such damages as are determined to be fair and reasonable, with punitive damages in an appropriate sum to punish Defendants for their conduct and to deter future defendants from similar, future conduct, along with an award for his costs incurred, and interest at the highest rate permitted by law until such Judgment be paid in full; and for such other and further relief as this Court deems just and proper under the circumstances.

<u>COUNT III</u>
**NEGLIGENT MISREPRESENTATION**

COMES NOW Plaintiff, Hugh M. Ellis, by and through his attorneys of record, Hall Ansley, P.C., and for Count III of his Petition against Defendants American Shaman and Shaman Botanicals, respectfully states the following:

66. Plaintiff restates, reincorporates, and realleges his allegations contained in all of the foregoing paragraphs as though fully restated herein *in haec verba*.

67. Defendant American Shaman represented to Plaintiff that American Shaman was knowledgeable regarding the lawful therapeutic uses of hemp extract, the likelihood that ingestion of the product could result in a failed drug test, and American Shaman's legal authorization to acquire, possess, dispense and sell hemp extract to the public, including the Plaintiff.

68. Arguing in the alternative, Defendant American Shaman negligently and carelessly:

a.  Misrepresented to Plaintiff that American Shaman was authorized and/or licensed to recommend, distribute and/or sell hemp extract;

b.  Misrepresented to Plaintiff that American Shaman was authorized or licensed to recommend, distribute and/or sell hemp extract to Plaintiff for relief of general "pain" and/or "anxiety;"

c.  Failed to disclose to Plaintiff that State of Missouri limits the lawful possession and use of hemp extract to the treatment of intractable epilepsy;

d.  Failed to disclose to Plaintiff that the hemp extract that it sold to Plaintiff contained THC;

e.  Failed to disclose to Plaintiff that ingesting THC could cause Plaintiff to fail a drug screen by reporting a false positive for the use of marijuana;

f.  Misrepresented to Plaintiff that none of the products sold by American Shaman would cause Plaintiff to fail a drug test;

g.  Failed to disclose to Plaintiff that Plaintiff would need a hemp extract registration card to lawfully use or possess hemp extract;

h.  Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully dispense hemp extract;

i.  Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully grow, cultivate, process, and possess hemp and hemp extract;

j.  Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute hemp extract to its cannabidiol oil care centers;

k.  Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to conduct business as a cannabidiol oil care center;

l.   Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute processed hemp extract;

m.  Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to grow or cultivate the cannabis plant used to make hemp extract;

n.   Misrepresented itself to the public, including Plaintiff, as a business in lawful possession of "hemp extract;"

o.   Failed to disclose to Plaintiff information sufficient for Plaintiff to determine whether the product sold to Plaintiff is adulterated;

p.   Failed to disclose to Plaintiff the product's place of origin;

q.   Failed to disclose to Plaintiff the number that corresponds with a certificate of analysis;

r.   Failed to disclose to Plaintiff the assigned batch number for the product; and

s.   Failed to disclose to Plaintiff the hemp extract's percentages of THC and cannabidiol by weight.

69.    American Shaman supplied and/or omitted the foregoing information in the course of its business, and failed to exercise reasonable care in supplying and/or omitting said information.

70.    The information described herein was provided and/or omitted by American Shaman to incent Plaintiff to purchase hemp oil extract from American Shaman.

71.    Plaintiff justifiably relied on the misrepresentations and/or omissions of American Shaman in choosing to purchase and ingest hemp oil extract containing THC sold to him by American Shaman.

Electronically Filed - Greene - August 27, 2019 - 05:44 PM

72.     Through its product label, Defendant Shaman Botanicals negligently and carelessly:

a.     Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully dispense hemp extract;

b.     Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to lawfully grow, cultivate, process, and possess hemp and hemp extract;

c.     Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute hemp extract to its cannabidiol oil care centers;

d.     Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to conduct business as a cannabidiol oil care center;

e.     Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to distribute processed hemp extract;

f.     Misrepresented itself to the public, including Plaintiff, as a business authorized by the State of Missouri to grow or cultivate the cannabis plant used to make hemp extract;

g.     Misrepresented itself to the public, including Plaintiff, as a business in lawful possession of "hemp extract;"

h.     Failed to disclose to Plaintiff information sufficient for Plaintiff to determine whether the product sold to Plaintiff is adulterated;

i.     Failed to disclose to Plaintiff the product's place of origin;

j.   Failed to disclose to Plaintiff the number that corresponds with a certificate of analysis;

k.   Failed to disclose to Plaintiff the assigned batch number for the product; and

l.   Failed to disclose to Plaintiff the hemp extract's percentages of THC and cannabidiol by weight.

73.   Shaman Botanicals supplied and/or omitted the foregoing information in the course of its business, and failed to exercise reasonable care in supplying and/or omitting said information.

74.   The information described herein was provided and/or omitted by Shaman Botanicals to incent individuals like Plaintiff to purchase hemp oil extract from American Shaman.

75.   Plaintiff justifiably relied on the misrepresentations and/or omissions of Shaman Botanicals in choosing to purchase and ingest hemp oil extract containing THC, which had been distributed to American Shaman by Shaman Botanicals.

76.   As a direct and proximate result of the misrepresentations and/or omissions of Defendants described herein, Plaintiff was caused to pay $204.74 for a product he would not have otherwise purchased, was terminated from his job, and has suffered lost wages and benefits, diminished earning capacity and "garden variety" emotional distress (as defined by Missouri law).

WHEREFORE, Plaintiff prays this Court enter its Judgment in favor of Plaintiff and against the Defendants, and each of them jointly and severally, for such damages as are determined to be fair and reasonable, with his costs incurred herein, and interest on the Judgment at the highest rate permitted by law until such Judgment be paid in full; and for such other and further relief as this Court deems just and proper under the circumstances.

## <u>COUNT IV</u>
## NEGLIGENCE PER SE

COMES NOW Plaintiff, Hugh M. Ellis, by and through his attorneys of record, Hall Ansley, P.C., and for Count IV of his Petition against Defendants American Shaman and Shaman Botanicals, respectfully states the following:

77.    Plaintiff restates, reincorporates, and realleges his allegations contained in all of the foregoing paragraphs as though fully restated herein *in haec verba*.

78.    Shaman Botanicals possessed and dispensed hemp extract to American Shaman in violation of Mo. Rev. Stat. § 195.207.

79.    American Shaman possessed and dispensed hemp extract in violation of Mo. Rev. Stat. § 195.207.

80.    American Shaman dispensed hemp extract for treatment of a condition other than "intractable epilepsy," in violation of Mo. Rev. Stat. § 195.207.

81.    American Shaman dispensed hemp extract to an individual (i.e. Plaintiff), who did not have a hemp extract registration card, in violation of 19 CSR 20-51.010.

82.    American Shaman and Shaman Botanicals possessed and distributed hemp extract without qualifying as a "cultivation and production facility," pursuant to Mo. Rev. Stat. § 261.265.

83.    American Shaman and Shaman Botanicals possessed and distributed hemp extract without a "cultivation and production facility license", in violation of  Mo. Rev. Stat. § 261.265.

84.    American Shaman and Shaman Botanicals possessed and distributed hemp extract without qualifying as a "cannabidiol oil care center," in violation of Mo. Rev. Stat. § 261.265.

85.    American Shaman and Shaman Botanicals possessed and distributed misbranded hemp extract in violation of 2 CSR 70-14.120.

86.     At all times relevant, Plaintiff was a member of the class of persons intended to be protected by statutes and regulations identified in paragraphs 78-85.

87.     The injury complained of by Plaintiff (*i.e.* the unauthorized purchase, possession and use of a controlled substance) was the kind the statute or regulation was designed to prevent.

88.     As a direct and proximate result of the negligence of Defendants as described herein, Plaintiff was caused to pay $204.74 for a product he would not have otherwise purchased, was terminated from his job, and has suffered lost wages and benefits, diminished earning capacity, and "garden variety" emotional distress (as defined by Missouri law).

HALL ANSLEY,
A Professional Corporation

By: /s/ *Timothy A. Ricker*
        TIMOTHY A. RICKER
        Missouri Bar Number 62050
        STEVEN J. BLAIR
        Missouri Bar Number 52706

3275 East Ridgeview
Springfield, MO  65808
Telephone:     417/890-8700
Facsimile:     417/890-8855
Email: tricker@hallansley.com
Email: sblair@hallansley.com

        *Attorneys for Plaintiff*