# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HUGH M. ELLIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 6:19-03377-CV-SRB |
| RK ENDEAVORS SPRINGFIELD, LLC., et. al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before this Court is Plaintiff's Motion to Remand and to Assess Costs and Expenses Against Defendant (Doc. #6). For the reasons discussed below, the Motion to Remand is granted and the Motion to Assess Costs and Expenses Against Defendant is denied. This case is remanded to the Circuit Court of Greene County, Missouri.

### I.   Background

Plaintiff filed suit in Greene County, Missouri Circuit Court on August 27, 2019, claiming that he was sold CBD oil that contained THC, which ultimately caused him to lose his job as a truck driver. On October 25, 2019, Defendant Shaman Botanicals, Inc. removed this matter to federal court pursuant to a federal question under 28 U.S.C. § 1331. As Defendant Shaman recognizes, Plaintiff's state-court petition includes only state-law claims (*i.e.* Missouri Merchandising Practices Act, fraudulent misrepresentation, negligent misrepresentation, and negligence *per se*). Defendant Shaman argued in its removal notice that "Plaintiff's claims are inherently federal in nature because it is impossible to resolve those claims without applying controlling federal law regarding the transportation and shipment of hemp-derived CBD products in interstate commerce," namely the 2014 and 2018 Farm Bills (Doc. #1, p. 3). Defendant

Shaman argued initially both complete preemption and substantial federal issue, but now is only asserting a substantial question of federal law. Plaintiff moved to remand this case back to state court asserting that the state-law claims do not invoke any questions of any federal law. (Doc. #6).

II. **Legal Standard and Discussion**

A Defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction . . .; all doubts about federal jurisdiction must be resolved in favor of remand." *Cent. Iowa Power Co-op v. Midwest Indep. Transmission Sys.*, 561 F.3d 904, 912 (8th Cir. 2009) (citations omitted). Defendant Shaman asserts that a substantial issue of federal law exists under *Gunn v. Minton*, 568 U.S. 251 (2013). "Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id*. at 258. *Gunn* involved a state-law legal malpractice case that arose from a patent claim. *Id*. at 255. The Supreme Court held that only a "special and small category" of cases will invoke federal jurisdiction when the plaintiff has stated a state-law claim, and the Court remanded the case. *Id*. at 258.

This Court need not go further than the first element of *Gunn*. Defendant Shaman asserts that the federal issue necessarily raised here is that the Farm Bills of 2014 and 2018 govern the interstate transportation of hemp products. Plaintiff argues interstate transportation is irrelevant to the state-law claims of misrepresentation or fraud of the CBD oil containing THC. None of Plaintiff's claims raise any violation of federal law, argue that the Farm Bills of 2014 or 2018

were violated, or even assert that interstate transportation laws were violated. Like the Supreme Court in *Gunn*, this Court concludes that this case does not fall within the "slim category" of cases that invokes federal jurisdiction of a state-law issue.

As to fees pursuant to 28 U.S.C. § 1447(c), Defendant Shaman had an objectively reasonable basis for removal, thereby making fees inappropriate. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

## III. Conclusion

Accordingly, Plaintiff's Motion to Remand (Doc. #6) is granted and the Motion to Assess Costs and Expenses Against Defendant is denied. This case is remanded to the Circuit Court of Greene County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 3, 2020